# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| CHANSE T. STARR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:16-CV-014 |
| ) | |
| SUPERINTENDENT, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on the Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus received from Chanse T. Starr, a *pro se* prisoner, on January 13, 2016. Starr states that he is attempting to challenge the July 19, 2011, probation revocation proceeding arising out of his convictions and 5 year sentence imposed by the Allen Superior Court on June 13, 2007, under cause number 02D04-0701-FD-8. DE 1 at 1.

To obtain habeas corpus relief, a petitioner must be "in custody." 28 U.S.C. § 2254(a). This requires that the "habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989). Starr has attached an Indiana Department of Correction computer printout dated October 28, 2014, showing that his sentence in this matter was discharged on November 14, 2011. DE 1-1 at 12. Though he argues that he should have been released

sooner, that is irrelevant because it is clear that he was not in custody when he purportedly[1] signed and mailed this habeas corpus petition on July 16, 2015.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* As previously explained, Starr is not in custody on the sentence he is attempting to challenge. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

---

[1] Though the petition, signed under penalty of perjury, states that Starr placed it in the prison mail system on July 16, 2015, that is impossible because it was mailed with several official documents dated August 18, 2015. DE 1-1 at 58-63. Given that it was not received by the clerk until January 13, 2016, it is highly suspect that he attempted to mail it before the end of 2015. Nevertheless, this is irrelevant. Even giving him credit for having mailed the petition on July 16, 2015, the petition must still be dismissed.

For the reasons set forth above, the court **DISMISSES** this habeas corpus petition and **DENIES** a certificate of appealability.

**DATED: February 2, 2016**          **/s/RUDY LOZANO, Judge**
                                     **United State District Court**